UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MICHAEL SELLERS AND
BELINDA SELLERS                                                PLAINTIFFS

VS.                                CIVIL ACTION NO. 4:09CV15TSL-LRA

OSYKA PERMIAN, LLC, OSYKA
CORPORATION, MURPHY INDUSTRIES
INC., BAIRD MANUFACTURING COMPANY                              DEFENDANTS

AND

AMERICAN HOME ASSURANCE COMPANY                                INTERVENOR

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of intervenor American Home Assurance Company (American Home) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs Michael and Belinda Sellers have responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes the motion is well taken and should be granted.

Plaintiff Michael Sellers was injured in an on-the-job accident in February 2006 while employed by Oilfield Hydraulics and servicing a hydraulic pump at a well site owned, operated and maintained by Osyka Permian, LLC and Osyka Corporation (the Osyka defendants). Plaintiff and his wife filed the present action on January 28, 2009 against the Osyka defendants, alleging they were negligent in maintenance of the discharge line which caused his

injury, and against other defendants which manufactured parts which he alleged failed and caused or contributed to the accident.

On March 19, 2009, after obtaining leave of court, American Home Assurance Company, Oilfield Hydraulics workers' compensation carrier, filed a complaint in intervention asserting its right to recover $57,372.80 which it has paid in workers' compensation benefits to Michael Sellers for the injuries he received in the accident. American Home now seeks summary judgment as to its right to payment of its subrogation lien.

Mississippi Code Annotated § 71-3-71, on which American Home grounds it claim, provides, in relevant part, that if a workers' compensation insurer joins an employee's suit against a third party, the insurer "shall be entitled to repayment of the amount paid by them as compensation and medical expenses from the net proceeds of such action (after deducting the reasonable costs of collection) as hereinafter provided." Miss. Code Ann. § 71-3-71. The statute goes on to provide that any amount recovered by the injured employee from a third party shall be applied first to the reasonable costs of collection, then to discharge the legal liability of the insurer, and then to the injured employee if any funds remain. Id. See also Federated Mutual Ins. Co. v. McNeal, 943 So.2d 658, 660 (Miss. 2006) (concluding that "the statute unambiguously provides that, after deducting the costs of

collection and attorneys' fees, any recovery from a third party (whether by award or through settlement) must be applied first to repay the workers' compensation insurer for benefits it paid the claimant"); St. Paul Travelers Ins. Co. v. Burt, 982 So. 2d 992, 994-995 (Miss. Ct. App. 2008) ("The language of the statute clearly mandates that the insurer must be reimbursed.").

In response to the motion, plaintiffs assert that American Home is barred from enforcement of its claimed subrogation rights herein because the Osyka defendants filed for bankruptcy protection and American Home failed to timely file a proof of claim in the Osyka bankruptcy case to preserve its claimed interest in the bankruptcy estate. Additionally and/or alternatively, plaintiffs contend that American Home's subrogation claim fails because American Home failed to cooperate with and/or assist them in their own efforts to get the automatic stay lifted (by agreeing to bear all or part of the cost of such endeavor) so they could pursue their claims against Osyka defendants in this case. Plaintiffs' arguments are without merit.

As noted by American Home, in applying Mississippi Code Annotated § 71-3-71, the Mississippi Supreme Court has "consistently held that the compensation insurance carrier cannot be charged with a portion of the employees' cost of recovery." Owen and Galloway v. Travelers Ins. Co., 499 So. 2d 776, 779

3

(Miss. 1986) (citations omitted); see id. ("[W]e have also recognized that the employer or his compensation insurance carrier was entitled to full reimbursement out of the proceeds of the employee's third party recovery for the compensation benefits paid to the employee with no deduction for a share of the employee's cost of the recovery."). Certainly, then, there is no merit to plaintiffs' contention that American Home is barred from recovering on its subrogation claim because it declined to cover or pay a share of the costs incurred by plaintiff in securing an order lifting the automatic stay.

Neither is there merit in plaintiffs' position that American Home's subrogation claim is precluded because it failed to file a proof of claim in the Osyka bankruptcy. As § 71-3-71 makes clear, American Home's interest in any recovery from the Osyka defendants flows through the employee, Michael Sellars. The statute provides:

> The commencement of an action by an employee or his dependents (or legal representative) against a third party for damages by reason of the injury, or the adjustment of any such claim, shall not affect the right of the injured employee or his dependents (or legal representative) to recover compensation, but any amount recovered by the injured employee or his dependents (or legal representative) from a third party shall be applied as follows: reasonable costs of collection as approved and allowed by the court in which such action is pending, or by the commission of this state in case of settlement without suit, shall be deducted; the remainder, or so much thereof as is necessary, shall be used to discharge the legal liability of the employer or insurer; and any excess shall belong to the injured employee or his dependents. The employee or his dependents bringing suit

4

against the third party must notify the employer or carrier within fifteen days of the filing of such suit.

(Emphasis added).

The right created by the statute is a right of subrogation, and as such, American Home "steps into the shoes of the [plaintiffs]." See Ellis v. Powe, 645 So. 2d 947, 951 (Miss. 1994) ("Subrogation is the substitution of one person in the place of another, whether as a creditor or as the possessor of any rightful claim, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and to its rights, remedies, or securities."). Thus, the fact that plaintiffs filed a notice of claim in the Osyka bankrupcy preserves and protects American Home's interest, since American Home's rights flow through plaintiffs.

Plaintiffs have offered no other basis for opposing American Home's motion for summary judgment. Therefore, based on the foregoing, it is ordered that the motion of American Home for summary judgment is granted.

SO ORDERED this 1st day of July, 2010.

/S/ TOM S. LEE
UNITED STATES DISTRICT JUDGE